FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 1 0 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | 08-CR-171 |
| --- | --- |
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| EMUD CANIZALES, | |
| Defendant. | |

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On June 2, 2011, defendant Emud Canizales pleaded guilty to a single-count indictment, which charged that between July and September of 2004, he was responsible for laundering drug proceeds in the New York area in violation of 18 U.S.C. § 1956 (h).

Canizales was sentenced on November 26, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be thirty-three and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 135 and 168 months. The calculation of the total offense level included a three-point adjustment for the defendant's acceptance of responsibility. The offense carries a maximum term of imprisonment of twenty years. 18 U.S.C. § 1956(a)(1). The guidelines range of fine is twice the value of the property involved in the transaction. 18 U.S.C. § 1956(a)(1)(B)(i). Since the indictment charged the defendant with the laundering of $3,000,000, the maximum fine is $6,000,000.

Canizales was sentenced to three years' supervised release and one year and one day imprisonment; Canizales is credited for serving this prison time while incarcerated in Colombia awaiting extradition. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine. A forfeiture order in the amount of $30,000 was entered.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure

that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Over the course of several months, the defendant made numerous small cash deposits into approximately 400 bank accounts located in seven different banks in the New York area. In total, the defendant was charged with laundering approximately $3 million in narcotics proceeds. The defendant knew that the laundered funds were derived from the sale of illegal substances. This is a serious offense.

The history and characteristics of the defendant, however, indicate that this criminal conduct was aberrant. The defendant is 52 years old and has no prior convictions. He appears to be a loving father to his six children, dedicated to providing them with educational and other opportunities. His four adult children from his first marriage are either employed, in military service, or in college. The defendant is separated from his second wife, who lives in Colombia, and he is the primary caregiver for their two minor children. At present, he and the two minor children live with the defendant's sister, her husband and children, and his mother, in a two-family home in Queens, New York. Sincere remorse was expressed by the defendant at the hearing for the shame and embarrassment he feels his conduct has brought to his family.

The defendant was raised by his mother in middle-class circumstances in Colombia. The defendant's father moved to the United States when the defendant was three years old, remitting money to support the family in Colombia. The defendant's parents divorced when he was a teenager and his father subsequently remarried. After earning his high school diploma in Colombia, the defendant joined his father in the United States and proceeded to work with him at a gas station. He became a naturalized U.S. citizen in 1996.

At the time of his indictment in the United States, the defendant was in Colombian prison on unrelated charges which were subsequently dismissed. While awaiting extradition, the defendant suffered a series of strokes, which caused him to experience partial paralysis and which were untreated by the Colombian prison officials. Defendant was hospitalized upon his arrival in New York. He continues to receive treatment for diabetes and high blood pressure. He continues to work as a luxury car driver and is able to support his family.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied by the sentence imposed; it sends a clear message that involvement in a drug conspiracy—no matter how minor—will result in the stain of a federal criminal conviction. Specific deterrence has been substantially achieved through the restrictions imposed by supervised release. It is unlikely defendant will engage in further criminal activity in light of his family circumstances, medical condition, and acceptance of responsibility.

Jack B. Weinstein
Senior United States District Judge

Dated: November 26, 2013
Brooklyn, New York